OPINION
{¶ 1} Defendant-appellant Ted S. Copperman appeals his sentence entered by the Muskingum County Court of Common Pleas on two counts of gross sexual imposition, after the trial court found appellant guilty upon its acceptance of appellant's guilty plea. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE AND FACTS {¶ 2} On November 13, 2003, the Muskingum County Grand Jury indicted appellant on two counts of gross sexual imposition, in violation of R.C.2907.05(A)(4), and two counts of kidnapping, in violation of R.C.2905.01(A)(4). The kidnapping counts also carried sexual motivation specifications. Appellant appeared for arraignment on November 19, 2003, and entered pleas of not guilty to all the charges contained in the indictment. On April 29, 2004, appellant appeared before the trial court and withdrew his former pleas of not guilty and pled guilty to the two counts of gross sexual imposition. The State agreed to nully the two counts of kidnapping at the sentencing hearing. Following a Crim. R. 11 colloquy, the trial court accepted appellant's guilty pleas and ordered a presentence investigation.
 {¶ 3} The matter came on for a sexual predator hearing and sentencing on July 12, 2004. The trial court granted the State's request for leave to nully the two counts of kidnapping with sexual motivation specifications. Thereafter, the trial court heard evidence regarding the sexual predator classification. Following this testimony, the trial court adjudicated appellant a sexual predator based upon the factors set forth in R.C. 2950.09(B)(2). Thereafter, the trial court proceeded to hear testimony for the sentencing stage of the hearing. After hearing the testimony of Melanie Richert, the probation officer who conducted the presentence investigation, the trial court sentenced to appellant to a prison term of four years on each count and ordered the counts be served consecutively. The trial court memorialized the sentence via Entry filed July 15, 2004.
 {¶ 4} It is from this entry appellant appeals, raising the following assignments of error:
 {¶ 5} "I. Defendant-appellant was denied his constitutional right to due process.
 {¶ 6} "II. The trial court erred when it imposed a prison term longer than the presumptive minimum for a defendant who had not previously served a prison term, based on facts not found by the jury or admitted by the defendant."
 I {¶ 7} Herein, appellant claims he was denied his constitutional right to due process. In effect, appellant challenges the trial court's imposition of consecutive sentences. In order to impose consecutive sentences, a trial court must comply with R.C. 2929.14(E)(4), which provides:
 {¶ 8} "If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive sentence is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 {¶ 9} "(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to Section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 {¶ 10} "(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 11} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 12} "Consecutive sentences are reserved for the worst offenses and offenders." State v. Comer, 99 Ohio St.3d 463, at ¶ 21, 2003-Ohio-4165
(Citation omitted). Thus, in imposing consecutive sentences, the trial court, at the sentencing hearing, is required to orally make its findings and state its reasons on the record. Id. at paragraph one of the syllabus.
 {¶ 13} In Comer, supra, the Ohio Supreme Court stated: "A court may not impose consecutive sentences for multiple offenses unless it `finds' three statutory factors. R.C. 2929.14 (E)(4). First, the court must find that consecutive sentences are necessary to protect the public from future crime or to punish the offender. * * * Second, the court must find that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. * * * Third, the court must find the existence of one of the enumerated circumstances in R.C. 2929.14(E)(4)(a) through (c)." Id. at ¶ 13.
 {¶ 14} At the sentencing hearing, the trial court stated:
 {¶ 15} "THE COURT: Well, the Court has reviewed the presentence investigation and also heard the testimony of the officer who prepared the report. The Court finds that the offenses committed by you are felonies of the third degree. The Court also finds that these are sex offenses. The Court also finds that the victims in these cases are young children. The Court also finds that there has been a pattern and history of this in the past by the Court's finding that you are a sexual predator.
 {¶ 16} "As such, the Court finds that a prison sentence is the appropriate sentence in this case. The Court also finds that the minimum sentence would demean the seriousness of the offense and also not adequately protect society. The Court also finds that, as it indicated earlier, that you are a risk of committing this type of offense in the future.
 {¶ 17} "As such, the Court will follow the State's recommendation in part and impose a four-year sentence on each of the felonies of the third degree. The Court will order that those sentences be served consecutively. The Court will also order that you be given credit for time served, and that you pay the court costs in this matter." Tr. at 93-94.
 {¶ 18} Upon review of the transcript of the sentencing hearing, we find the trial court failed to make all the findings required by R.C.2929.14(E)(4). Arguably, the trial court did state on the record it found consecutive sentences were "necessary to protect the public", although the finding was made relative to the trial court's imposition of more than the minimum sentence. However, the trial court failed to make any findings relative to the second and third statutory factors.
 {¶ 19} Thus, we remand this matter to the trial court resentencing.
 {¶ 20} Appellant's first assignment of error is sustained.
 II {¶ 21} In light of our disposition of appellant's first assignment of error, we overrule appellant's second assignment of error as premature.
 {¶ 22} The judgment of the Muskingum County Court of Common Pleas is reversed and the matter is remanded to the trial court for resentencing in accordance with the law and this opinion.
Hoffman, J. Boggins, P.J. and Farmer, J. concur.
 JUDGMENT ENTRY
For the reason stated in our accompanying Memorandum-Opinion, the judgment of the Muskingum County Court of Common Pleas is reversed and this matter is remanded to the trial court for resentencing in accordance with the law and our Opinion. Costs assessed to appellee.